Kilgour
vs
Ashcom

KILGOUR vs. ASHCOM.

A, died intestate, seized of a tract of land on which there was a gristmill then in operation. On a division of the land under the act to direct descents, amongst his heirs, the mill was on the part allotted to B, the dam of which covered a portion of the part allotted to C—*Held*, that B had a right to use the mill & dam in the same way, and to the same extent, as they had been used by A in his life-time

APPEAL from Saint-Mary's county court. The appellee brought an action on the case against the appellant for obstructing a water course, &c. The injury complained of, and set forth in the declaration, was overflowing lands by the back water from a mill in the occupancy of the plaintiff below. The defendant pleaded not guilty, and issue was joined. A warrant of resurvey was issued, and the lands were laid down on plots returned. At the trial, it was given in evidence, that *John Keech* died intestate, and at March term 1805, a petition, under the act to direct descents, was exhibited in *Saint-Mary's* county court by his heirs, for a division, &c. of his real estate, and a commission of partition issued. The return of the commissioners was finally ratified by the court at August term 1808. By this return it appears that the real estate of *J. Keech* was divided into five parts, of which *Mary Keech* was entitled to one part, and *Samuel Keech* to another part. The plaintiff is the grantee of *Mary Keech*, and the defendant the lessee of *Samuel Keech*. It was proved, that in the allotment made by the commissioners, a grist-mill, then in operation, became the property of *Samuel Keech*, the defendant's lessor, and the part adjacent became the property of *Mary Keech*, the plaintiff's grantor. A small portion of the mill-dam was included in the part allotted to *Mary Keech*, and this is the *locus in quo*, where the injury complained of is stated to have been committed. It was also proved, that the mill remained in the same situation in which the common ancestor, *J. Keech*, left it, to the time of the partition, and from that time to the time of bringing this action. The defendant then prayed the court to instruct the jury, that if they believed from the evidence that the land laid down by the plaintiff as his pretensions and claim, and the land on which the mill stood, and the dam thereof and appertenances, now held by the defendant, belonged to *J. Keech*, and descended to the grantor of the plaintiff, and *Samuel Keech* the landlord of the defendant, and was respectively allotted to them by the commissioners in the same plight and condition which the same was in at the impetration of the original writ in this cause, that the plaintiff was not entitled to recover. But the court,

[*Key* and *Plater*, A. J.(a)] refused to give the opinion, but instructed the jury, that if they believed the facts stated, the plaintiff was entitled to recover. The defendant excepted. Verdict and judgment being for the plaintiff, the defendant appealed to this court.

The case was argued before BUCHANAN, EARLE, and DORSEY, J. by

*Stone*, for the appellant, and by

*Stephen*, for the appellee.

BUCHANAN, J. delivered the opinion of the court.

The evidence is substantially this, that *John Keech* died intestate, seised of certain lands in *Saint-Mary's* county, which, in the execution of a commission issued at the instance of his children, under the act to direct descents, was divided into five parts, one of which was allotted to *Mary Keech*, one of the children, under whom the appellee holds, and another to *Samuel Keech*, under whom the appellant holds. That there is a mill on the part allotted to *Samuel Keech*, which was upon the premises, and in operation during the life of *John Keech*, their common ancestor, the dam of which covers a small portion of the part allotted to *Mary Keech*, which is the injury complained of in the declaration, and that the mill and dam were, at the time of bringing the suit, in the same situation in which they were left by *John Keech*, and had been held and used by him in his life-time. And the question is, whether *Samuel Keech*, and those claiming under him, have a right to use them in the same way, and to the same extent; and it is clear that they have. The children of *John Keech* took their respective proportions of their father's estate in the same condition, and subject to the same advantages and disadvantages under which he held it. The dam is appertinent to the mill, and if *John Keech* had sold the mill, with all the appertenances, it cannot be contended, that he could have sustained an action against the purchaser for the injury complained of here; and if he could not, it is difficult to perceive on what principles the appellee can maintain this suit against the appellant, who cannot be supposed to stand in a worse situation than the purchaser would have done. Besides, it was the duty of

*(a) Johnson*, Ch. J. dissented.

June 1820.

Owings
vs
Turnpike C'y.

the commissioners, and it must be supposed that they did, in dividing the estate of *John Keech*, to take into consideration all the advantages and disadvantages attending the respective parts, and that they gave to the part allotted to *Mary Keech*, an equivalent for the injury and inconvenience occasioned by the mill dam; and she took it accordingly.

JUDGMENT REVERSED.