# WHEELING.

HENRIE *v.* JOHNSON.

Submitted June 21, 1886.—Decided July 2, 1886.

(*JOHNSON, PRESIDENT, Absent.)

1. Where land is granted with a right of way, the right is appurtenant to every part of the land, and the grantee of any part, no matter how small, is entitled to it; but no additional burden can thereby be imposed upon the servient estate. (p. 192.)

2. In a suit for the partition of an estate having a right of way appurtenant thereto the court may allow such right to all the co-tenants, or it may confine the right to one or more of the allotments to the exclusion of the others. (p. 193.)

3. In such suit the court may create rights of way for one allotment over another, if that appears necessary to the enjoyment of the separate allotments, but no co-tenant is entitled to such right of way over the lot of his co-tenant as a matter of absolute right. (p. 193.)

4. The report of commissioners in such suit is not final and may be set aside by the court. But when the court is asked to quash or set aside the report, on the ground that the commissioners erred in making their allotments, whereby an unequal partition has been made, it will not do so except in extreme cases—cases in which the partition is based on wrong principles, or it is shown by a very clear and decided preponderance of evidence, that the commissioners have made a grossly unequal allotment. (p. 195.)

*Hutchinson & Johnson* for appellant.

*R. H. Smith* for appellee.

SNYDER, JUDGE:

A tract of land lying on the Ohio river in Wood county, belonging to the estate of John V. Uhl, deceased, was in a

*Related to one of the parties.

partition suit divided among the heirs of said Uhl. The land was divided into three lots or parcels numbered respectively one, two and three. Deeds were made to the respective heirs for said lots. In the deed conveying lot No. 2, is this provision : "And lot No. 1 is to have a right of way for ingress and egress across lot No. 2 of the river land, along or near the Johnson line to the public road leading towards the river, at a point above where the said road crosses the lines between No. 2 and No. 3 of the river land." Morgan Henrie by deeds from the heirs, afterwards became the owner of lot No. 2 and lot No. 3, and in like manner said Henrie and Abraham Johnson became the owners as tenants in common of lot No. 1, the said Johnson being at the same time the owner of other lands adjoining said lot No. 1. The deed for this lot No. 1 to Henrie and Johnson grants the right of way across lot No. 2 in the same terms that the right is reserved in the deed conveying lot No. 2.

In May, 1885, said Henrie exhibited his bill in the circuit court of Wood county against said Johnson and others for the partition of said lot No. 1 between him and said Johnson, and praying therein that said lot may be divided into two parts and one of said parts allotted to him.

The defendant, Johnson, filed his answer, in which he admitted the truth of the allegations of the plaintiff's bill, united in the prayer thereof and asked, "that in the partition each should have his portion laid off next to his own lands, and that the right of way over each moiety mentioned in the deed should be protected and duly considered in the partition thereof."

A decree was entered appointing commissioners to go upon said lot and divide the same into two equal parts, having regard to quantity and quality and taking into consideration in making said partition the right of each party to the said right of way, and then assign one of said parts to the defendant, Johnson, and the other to the plaintiff, Henrie.

The commissioners made and filed their report from which it appears, that said lot No. 1 contained seven acres and fifty two poles, of which they assigned by metes and bounds to the plaintiff, Henrie, three acres and 106 poles adjoining said lot No. 2 which was then owned by him; and in like man-

ner they assigned to the defendant, Johnson, three acres and 106 poles adjoining the lands of said Johnson, but separated from said lot No. "2" by the portion assigned to the plaintiff. And in reference to the right of way the report says: "As directed by the decree, we took into consideration the rights of the parties to the right of way across lot No. 2 of the Uhl estate, now owned by Henrie, and leave that to the decision of the court, but we deem a right of way unnecessary across lot A. herein assigned to Henrie, for the reason that lot B. herein assigned to Johnson adjoins his other lands and gives him a good and sufficient outlet across his other territory."

The defendant, Johnson, excepted to the report because it did not give him a right of way across said lot A. so as to enable him to enjoy his right of way across said lot No. 2.

On December 10, 1885, the court entered a decree overruling said exception and confirming the report. From this decree the defendant, Johnson, has appealed.

The appellant contends, that the right of way across lot No. 2 was an easement, reserved by contract, to the whole and every part of lot No. 1, and that per consequence no part of the latter could be deprived of that easement except by contract or some efficient act of the parties. It is unquestionably true, that lot No. 1 being the dominant estate, and lot No. 2, being the servient estate, the right to enjoy the easement attached to every part of the former as against the owner of the latter. The law seems to be well settled, that where land is granted with a right of way over other lands, the right is appurtenant to every part of land so granted, and the grantee of any part, no matter how small, is entitled to it, provided no additional burden is thereby created upon the servient estate. And this right will pass to a grantee of the dominant estate, or any sub-division thereof, as appurtenant to it, although the easement is not mentioned in the grant, and it is not really necessary to the enjoyment of the estate by the grantee. (Washb. on Easem. 91, (58); *Watson* v. *Bioren*, 1 S. & R. 227; *Kent* v. *Waite*, 10 Pick. 138).

But the question in this cause, is not whether the one half of lot No. 1, the dominant estate, shall enjoy the whole of the easement across lot No. 2, the servient estate, and the other half be denied such enjoyment; nor is the question,

whether or not the said lot No. 2, shall be relieved of the servitude as to the one half of said lot No. 1; but the real question is, whether or not the one half of lot No. 1, the dominant estate, shall be made the servient estate of the other half; that is, whether lot A., the half of the dominant estate assigned to Henrie, shall be made the servient estate to lot B., the other half of lot No. 1 assigned to Johnson. Both A. and B. are parts of the dominant estate, and neither of them is by contract or otherwise servient to the other. While each of these lots, as parts of lot No. 1, has by contract a right of way across lot No. 2, neither of them has such right over the other. It is, therefore, plain that the proposition of the counsel for the appellant, which is so elaborately argued by them in their brief, has no application to this cause.

But it may be said that, unless Johnson is allowed a right of way over lot A. which separates lot B. from lot No. 2, he can not get to lot No. 2, so as to enjoy his easement over it; and that therefore the decree complained of does in fact deprive him of his right of way over lot No. 2. This may be true; but it is also true, that the decree does not attempt to take from him his right of way over No. 2. It merely denies him a right of way over lot A. and determines nothing as to his right of way across No. 2. If he can reach this lot in any legal manner, he has the undoubted right to use his right of way across it. As between him and the owner of lot No. 2, his right of way over this lot is entirely unaffected by the decree.

It is apparent from what has preceded, that, if Johnson as the owner of lot B. is entitled to a right of way over lot A., such right must exist independent of any contract or grant. It must arise out of the peculiar facts and necessities of the case. A court of equity has the power in suits for partition to create as well as apportion easement existing upon the estate to be portioned. It has the same powers over these that it has over the land itself. In the partition of a dominant estate, it may grant the easement, which is appurtenant to the whole of the undivided estate, to the portion assigned to one of the tenants to the exclusion of all the other tenants. Thus, if the estate to be partitioned is a farm with a mill on a part of it and the easement appurtenant

thereto is the right to overflow the lands of an adjoining owner by the dam that furnishes the water to run the mill, and in the partition the mill is assigned to one of the co-tenants in severalty, the court in such case may assign the whole of the easement to such tenant and exclude the others from any part thereof. (*Kilgour* v. *Ashcom*, 5 Har. & J. 82; *Smith* v. *Smith*, 10 Paige's Ch'y. 470.)

When the court takes jurisdiction of the subject it has the same power over the easements belonging to the estate to be divided that it has over the land, the waters, buildings and other improvements thereon, and there is no limit to this power except that it shall be exercised in a proper and equitable manner, so as to do justice to all the parties as nearly as the subject will admit. The court has no right to make an arbitrary allotment. It should, so far as it can do so without injustice to others, assign each co-tenant that part most valuable to him. If there are several parcels, it need not divide each parcel, but may assign one parcel to each co-tenant. (Freem. on Co-tenancy and Partition, sec. 522; *Smith* v. *Barber*, 7 Ohio, Part 2, 118; *Hill* v. *Dey*, 14 Wend. 204; *Cox* v. *McMullen*, 14 Gratt. 82).

According to these principles the court had the power to partition between Henrie and Johnson the right of way across lot No. 2, or assign said right wholly to one of them. It had also the power to create a right of way over that part of lot No. 1 assigned to Henrie in favor of the part of said lot assigned to Johnson in order that the latter might reach and enjoy his right of way over lot No. 2. But whether and how the court should exercise this power, did not involve any contract, right or absolute duty, but was a matter to be controlled by the facts and circumstances of the case. In order to determine what was a proper and equitable division of said lot No. 1 and the easement appurtenant thereto the court, as it had the right to do, appointed commissioners to go upon the premises and make and report to it a just partition and assignment between the co-tenants, Henrie and Johnson. This was done by the commissioners, and their report shows, that they took cognizance of the easement as well as the land itself. This report was excepted to by Johnson, but he offered no evidence to support his exceptions or

to prove that the report and action of the commissioners were unauthorized or that the partition was not just and equitable between the parties.    There being nothing on the .face of the report or the facts brought before the court to establish any irregularity or unfairness in the partition, it was plainly the duty of the court to confirm the report and order the partition, as it did.

In suits of this character the practice of the English courts and some of the American States is not to except to the report of the commissioners, but to move to quash the report or return.    (*Jones* v. *Totty*, 1 Sim. 136; *Corbet* v. *Davenant*, 2 Bro. C. C. 252; 2 Dan. Ch'y Pr. 1130.

But whether the objections to the report are made by exceptions or motion to quash it, the rule is well established, that the court shall not set aside or quash the report on the ground that the commissioners erred in making their allotments, whereby an unequal partition has been made, except in extreme cases—cases in which the partition is based on wrong principles, or it is shown by a very clear and decided preponderance of evidence, that the commissioners have made a grossly unequal partition.    (*Hay* v. *Estell*, 19 N. J. Ch'y 133; Freem. Co-tenency & Partition, sec. 525).

In the case before us there was no evidence whatever of any inequality in the partition, and the commissioners' report that a right of way across lot A. to lot No. 2 is unnecessary, for the reason that lot B. adjoins Johnson's other lands and gives him a good and sufficient way over said lands.    In the absence of any facts or proof to the contrary, this finding of the commissioners is conclusive.    The decree of the circuit court was therefore right and must be affirmed.

AFFIRMED.