# CHARLESTON

## YOKUM *v.* STALNAKER, *et al.*

Submitted February 27, 1906.    Decided April 24, 1906.

1.  APPEAL—*Denial of Continuance—Review.*
    Where it appears, upon consideration of all the facts and circum-
    stances in the cause, that the action of the lower court in denying
    the motion of a party for a continuance, and in ruling him into a
    hearing, was plainly erroneous, the appellate court will reverse such
    action and the decree against him.  (p. 679.)

Appeal from Circuit Court, Randolph County.

Bill by Martha D. Yokum and others against Benjamin
C. Stalnaker and others.    Decree for complainants and de-
fendants Harriet S. Wamsley and others appeal.

*Reversed.    Remanded.*

W. B. MAXWELL and M. PECK, for appellants.

DAILEY & BOWERS, for appellees.

COX, JUDGE:

This cause was decided by this Court upon a former appeal,
reported in 56 W. Va. 296.    A full statement of the
cause, and of another cause heard therewith, may there
be found.    It is unnecessary to repeat the statement
here.

The object of this suit is the partition of a tract of moun-
tain land, said to contain 2,387 acres.    This appeal is by
Harriet S. Wamsley and Boston Stalnaker, from a decree
of the circuit court of Randolph county denying their mo-
tion to continue the cause to enable them to produce evidence
in support of their exceptions to the commissioner's report
of the partition of said land, and overruling said excep-
tions and confirming the partition as reported.    After the
case was remanded upon the former decision, the surveyor
who acted in the former partition, and two other commis-
sioners, were appointed to make this partition.    The three
thus appointed reported substantially the same partition as
the one set aside by this Court.    This partition is peculiar,
to say the least.    The appellants Wamsley and Stalnaker,

each being entitled to a one-thirteenth of the land, are each by this partition given a strip of land about thirty-seven rods wide and nearly three miles long, as appears from the face of the plat filed.

· Appellants complain because their motion to continue the cause, for the purpose of producing evidence in support of their exceptions, was denied. The report of the commissioners was filed on April 10, 1905. The appellants filed their sixteen several exceptions to the report, dated April 12th following. The term of court commenced on that day. The first order of the court which noticed the filing of the exceptions was entered on April 20th. This order recites that the cause was submitted at a former day of the term, upon the commissioner's report, upon the motion of appellants for time to offer evidence in support of their exceptions, and upon their amended answer. The court by this order, without passing upon the exceptions, gave the appellants until April 25th at three o'clock P. M. to offer such evidence. The decree appealed from was entered on April 28th. This decree recites that the appellants had, on April 25th, filed the affidavits of Melville Peck and Boston Stalnaker in support of the motion for a continuance. Some of the grounds of the exceptions are, in effect, as follows: That the commissioners did not lay off the land according to quantity and quality; that the land was laid off in such shape that the shares of appellants are of no value to them; that· the plat of partition is not accurate by several hundred acres; that the parcel of land assigned to appellant Wamsley, when correctly platted according to the courses and distances reported, will overlap and include 20 or 30 acres of land outside of the boundary of the tract sought to be partitioned; that the courses and distances of the parcel of land assigned to appellant Stalnaker as reported, when correctly platted, will cut such parcel into two pieces; and that neither of the parcels assigned to the appellants is a full, fair one-thirteenth of the value of the land sought to be partitioned.

In order to make some of these exceptions avail, the appellants must produce evidence to sustain them. *Ransom* v. *High*, 37 W. Va. 838; *Henrie* v. *Johnson*, 28 W. Va. 190. The exceptions named went to the very merits

of the controversy, and involved questions of fact raised for the first time by the commissioner's report. The appellants could not presume in advance that the commissioners would report substantially the old partition. The appellants had a right to file their exceptions to the report and produce evidence to sustain them. The question then is: Were the appellants given a reasonable time, under all the circumstances of the case, to produce their evidence? The report was filed so near the commencement of the term as practically to prevent the taking of evidence before the term. The exceptions were filed promptly. The court on April 20th allowed appellants until April 25th—five days—to take evidence. The five days allowed were during the term of court, when lawyers are supposed to be therein engaged. The subject-matter of the litigation is a large tract of land in the mountains probably some distance from the county seat. The affidavits showed that the time allowed by the court was not sufficient to enable the appellants to produce their evidence, and the reasons why such time was insufficient. If the appellants had a right to except, they had a right to a reasonable time to produce their evidence. It would be useless to give a party the right to except as to a question of fact, and then deny him the right to a reasonable time to produce evidence in support of his exception. Such a course would be equivalent to a denial of the right to except. The evidence of the surveyor acting in this partition was taken at the bar of the court. His evidence disclosed that no survey had been made for this partition. Consequently, to sustain some of the exceptions it would probably be necessary for the appellants to have a survey or plat of the land made. It is the well settled rule that a motion for a continuance is addressed to the sound discretion of the court, under all the circumstances of the case; and that the appellate court will not reverse a judgment or decree because of the action of the lower court on such motion, unless the action was plainly erroneous. *Hanum* v. *Hill*, 52 W. Va. 166; *State* v. *Roberts*, 50 W. Va. 422. This rule in relation to a continuance was never intended to defeat the ends of justice; and it is therefore well established that where it appears, upon consideration of all the facts and circumstances of the case, that the action of the lower court in

denying the motion of a party for a continuance, and in ruling him into a hearing, was plainly erroneous, the appellate court will reverse such action and the decree against him. *Buster* v. *Holland*, 27 W. Va. 510; *Hewitt* v. *Commonwealth*, 17 Grat. 627. The ground for a continuance in this cause was not alone the absence of a witness, and for that reason the rule prevailing on such motion on the ground alone of the absence of a witness does not control. The ground for a continuance here involves practically the right to make defense to the report. To sustain the exceptions would require investigation, and evidence on the part of appellants. No amount of diligence could have forseen the evidence necessary in support of the exceptions, before the report was made. There is no intimation in this record that the motion for a continuance was not in good faith, or was merely for the purpose of delay.

It is urged that a continuance should not have been granted because of the pendency of an injunction against the cutting of timber from the land sought to be partitioned, in a cause brought by one of the appellants. We do not think that the pendency of the injunction was sufficient ground for overruling the motion for a continuance, The court, in the cause in which the injunction was granted, had full power to continue the injunction, dissolve it, or modify it in accordance with the principles of equity.

The rights involved in the cause at bar are of importance to the parties. It appears to us, from all the circumstances, that there was plain error in overruling the appellants' motion for a continuance, and that the time given by the court to produce evidence was unreasonably short. As the motion for a continuance should have been granted, the exceptions to the report should not have been acted upon at the time the decree complained of was entered, and the decree should not have been entered. Our views upon the action of the lower court upon the motion for a continuance make it unnecessary to discuss any other reason advanced for reversing the decree.

For the reasons stated, the decree complained of is reversed, and the cause remanded, to be further proceeded with according to the principles herein announced and the rules governing courts of equity.

*Reversed. Remanded.*