# CHARLESTON.

Dorsey *et al. v.* Dorsey *et al.*

(No. 6724)

Submitted April 22, 1930.   Decided April 29, 1930.

*O. C. Lewis,* for appellants.

Hatcher, Judge:

Defendants, J. W. Taylor and J. B. Wolfe, purchased the timber on the Joseph Dorsey 31½ acre tract and the A. E. Drennan 35 acre tract. In this proceeding, plaintiffs seek to enjoin the transportation across their lands of the timber from these two tracts. The lower court denied permanent relief to the plaintiffs.

## The 31½-Acre Tract.

The plaintiffs own two tracts containing 65 acres and 45 acres. In addition to the 31½ acres, Joseph Dorsey owns a tract of 95 acres. John D. Dorsey is the remote grantor of the 65, the 45, and the 95 acre tracts. The first two tracts lie between the third tract and the public road. An easement by virtue of necessity across the 65 and 45 acre tracts in favor of the 95 acres is recognized by plaintiffs, and has been used for more than thirty years by the owner of the 95 acres. The 31½

acres was never a part of the John D. Dorsey boundary or owned by him or any other common grantor of the plaintiffs and Joseph Dorsey. The mere fact that he is now the common owner of the 95 acres and the 31½ acres does not extend to the latter the easement appurtenant to the former. This inhibition is due to the very nature of such an easement. The right over the 65 and 45 acre tracts is not personal to Joseph Dorsey, and does not expand with his fortunes. It was created solely for the 95-acre tract, no matter who the owner, and thereto alone owes service.

"An easement of a right of way over another's property is appurtenant to the particular piece or lot of land of the dominant owner with which it is granted, and is not personal to the owner, authorizing him to use it in connection with other real estate he may own." *Schmoele* v. *Betz*, 212 Pa. 32, 61 A. 525, 526, 108 Am. St. Rep. 845. An early decision of this court says that there is a concurrence among the authorities on this principle "to a uniformity that is seldom met with." *Springer* v. *McIntire* 9 W. Va. 196, 203; *Shaver* v. *Edgell*, 48 W. Va. 502, 505, 37 S. E. 664; Jones on Easements, § 360; 19 C. J. p. 979, § 227. The decision in *McNeil* v. *Kennedy*, 88 W. Va. 524, 107 S. E. 203, is differentiated by the facts in that case.

### THE 35-ACRE TRACT.

The 35-acre tract was at one time a part of the John D. Dorsey boundary. It borders on the public road, but the land there is precipitous. Affidavits are submitted by defendants to the effect that the natural and convenient outlet from the 35-acre tract is over the Dorsey lands; that in the opinion of the affiants the timber could not be hauled by teams over any other route, and that to use other means of transportation (over some other route) would entail expense disproportionate to the value of the timber. It is not shown, however, that the affiants have had any experience with, or have any information concerning, the cost of hauling logs. It is notable that neither Taylor, Wolfe, nor A. E. Drennan are among the affiants. It also appears without contradiction from other affidavits that a coal bank has been open for many years in the midst of the timber on the 35-acre tract and the coal therefrom

hauled across other Drennan lands to the public road. It also appears that some 40 to 50 heavy walnut logs were cut on the 35-acre tract in 1929, skidded to a place near the coal mine, loaded on wagons there, and then hauled to the highway over the Drennan lands.

These facts discountenance the opinions above referred to. There is no evidence relating to the costs of hauling the coal and the walnut logs across the Drennan lands; but it is not reasonable that such transportation (continued in connection with the coal mine over a number of years) was prohibitive. If these products of the 35-acre tract could be marketed in wagons (teamed) over the Drennan lands, we see no reason why the remaining timber cannot be likewise marketed. Convenience is not the basis of a right to an easement. "A party cannot have a way of necessity through the land of another (ordinarily) when the necessary way to the highway can be obtained through his own land, however convenient and useful another way might be." 19 C. J. 922; 9 R. C. L. p. 770; *Shaver* v. *Edgell, supra*, 49 W. Va. page 509, 37 S. E. 664; *Miller* v. *Skaggs*, 79 W. Va. 645, 649, 91 S. E. 536, Ann. Cas. 1918D, 929. Consequently, a way, as of reasonable necessity across the plaintiff's lands, cannot be exacted in favor of the timber on the 35-acre tract.

The defendants have shown no right to subject the lands of plaintiffs to a servitude in favor of the 31½ and 35 acre tracts. Such a subjection would constitute a continuing trespass. Equity may therefore intervene. *Robertson* v. *Mineral Co.*, 128 Va. 93, 104 S. E. 832; 19 C. J. p. 989, 990, § 247; 14 R. C. L. p. 455, § 156; Jones, supra, §§ 878-9.

The judgment of the lower court will accordingly be reversed and the temporary injunction granted herein reinstated.

*Reversed; injunction reinstated.*