THOMAS S. RIGGS *et al. v.* C. B. ROE

(No. 7922)

Submitted November 14, 1934. Decided November 27, 1934.

*Martin Brown* and *Charles McCamic,* for appellant.
*D. B. Evans* and *Laurence M. Evans,* for appellees.

MAXWELL, JUDGE:

The defendant appeals from a circuit court decree enjoining him from the general use of a certain private alley in the city of Moundsville.

The properties here discussed form a square bounded on the north by Fifth Street, on the east by Morton Avenue, on the south by Sixth Street, and on the west by Tomlinson Avenue.

The alley in question, ten feet in width, situated about midway of the square, north and south, extends westward from Morton Avenue about 96 feet to about the center of the said square where it connects at right angles with an alley of the same width extending from that point south to Sixth Street. The alley in dispute is bounded on the south solely by the property of the plaintiff, Thomas S. Riggs. On the north it is bounded by the Elks Lodge lot which fronts on Fifth Street and extends back along Morton Avenue to the alley, and by the prop-

erty of the defendant which faces Fifth Street and adjoins the Elks... Defendant's lot originally did not extend to the alley. The ground between the rear of his original lot and the alley was subsequently acquired by him through two conveyances, one from the Elks for a portion of their lot which extended from the body thereof as a reversed "L" partly across the rear of his lot, the other from Amelia S. Dalzell and husband for a strip three feet in width adjoining the "L". The latter parcel is a cross-section off the rear of the Dalzell lot which is forty-six feet in width at the rear and fronts forty-eight feet on Tomlinson Avenue. The Dalzells acquired their lot by conveyance from Thomas S. Riggs and others May 18, 1922. By that conveyance, the Dalzells also acquired an easement and way appurtenant to the said lot over the alley extending east to Morton Avenue. In their conveyance to defendant they granted to him the right to use the alley as appurtenant to the parcel embraced in the deed.

The alley involved in this suit and the connecting alley south to Sixth Street were established by a recorded agreement of William M. Riggs and Thomas S. Riggs October 22, 1914. The front portion of defendant's lot was acquired by him by deed from H. W. Perkins and wife December 1, 1921, the parcel from the Elks June 8, 1923, and the small section from the Dalzells August 30, 1923. Defendant thereafter built a garage in the rear of his residence on the ground which he had thus acquired of the Elks and the Dalzells. The garage faces the alley which extends east to Morton Avenue. The defendant expended a considerable sum of money in improving the alley.

The plaintiffs, all of whom own lots to which the alley extending west from Morton Avenue is appurtenant, were upheld by the trial chancellor in their contention that the defendant has no right to use the alley for purposes of ingress and egress to and from his garage. But the plaintiffs admit, and the court found, that as to the said three-foot strip acquired by the defendant from the Dalzells the alley is appurtenant.

The defendant takes the positions (a) that the plaintiffs are estopped from denying him the general use of the alley because he built his garage and improved the alley, with full knowledge by all of them, under a verbal understanding between him and Thomas S. Riggs that the defendant should be permitted to use the alley as long as Riggs owned the lot abutting on the south thereof; and (b) that the grant to him by the Dalzells of the three-foot strip expressly carried with it the right to use the alley for access to the strip and that such right sustains him in his use of the alley in going to and from his garage which is built partly on the strip.

As to the alleged estoppel, the record does not sustain the position of the defendant. Thomas S. Riggs admits that prior to the defendant's acquisition of the small parcel of ground from the Elks, he had an understanding with the defendant that the latter should have the use of the alley extending to Morton Avenue as long as he, Riggs, owned the property adjoining the alley on the south; but that before the defendant began the erection of his garage he told the defendant that because of the death of Thomas S. Riggs' brother, William, conditions had changed, and therefore defendant ought not to build his garage with the expectation of using the alley. Defendant denies that Thomas S. Riggs thus later admonished him. The circuit court's final decree must be deemed a finding adverse to the defendant on this conflict. And then, too, even if Thomas S. Riggs had unqualifiedly authorized the defendant to use said alley, whatever might have been the effect of such authorization upon Thomas S. Riggs by way of estoppel, the authorization would in nowise have been binding on William M. Riggs' widow and devisee, Emily V. Riggs, or George Ellis and Nora Ellis, all of whom are plaintiffs to this suit. Again, it did not appear to them but that the defendant was repairing the alley in furtherance of his right appurtenant to the three foot strip. The plaintiffs were not called upon to warn him against spending money on the alley if he desired. The erection of the garage on his own property was, of course, a matter of his individual con-

cern.. His failure to be permitted to use the alley for ingress and egress to the' garage, as he had anticipated, is unfortunate, but we fail to perceive wherein the plaintiffs have not acted within their legal rights. The alley belongs to them. There has been no dedication to public use.

Does the defendant's conceded right of user of the alley as appurtenant to the three foot strip which he bought of the Dalzells clothe him with the right to use the alley in the manner which he has undertaken? He relies on the familiar legal principle that as a general rule the right which is appurtenant to a tract of land is appurtenant to every parcel thereof, so that if parcels be conveyed away each separately will enjoy the benefit of the appurtenance. But this principle is subject to the important qualification that there shall be no increased burden placed on the servient estate. *Henrie* v. *Johnson,* 28 W. Va. 190, 192. The use of the alley by the defendant as a passageway for his automobile, in the very nature of things, is not appurtenant to the three-foot strip. If he had a walkway over the three-foot strip, it would seem that the use of the alley for pedestrians passing over the walkway would be appurtenant to the strip; but since it cannot be used either as a storage place or as a passageway for automobiles, his easement in the alley, incident to his ownership of the three-foot parcel, does not carry with it the right to use the alley as an automobile passage. The defendant may not tack on to the three foot strip the parcel acquired of the Elks and claim benefit of the easement as appurtenant to the whole. "An easement cannot be extended as a matter of right, by the owner of the dominant estate, to other lands owned by him." *Dorsey* v. *Dorsey,* 109 W. Va. 111, 153 S. E. 146. Consult, 9 Ruling Case Law, p. 786; 19 Corpus Juris, p. 979.

On the principles stated, we affirm the decree of the trial chancellor.

*Affirmed.*