371 S.E.2d 640

Daniel L. LYONS, et al.

v.

Earl Eugene LYONS, et al.

No. 17328.

Supreme Court of Appeals of West Virginia.

July 22, 1988.

Lawrence L. Manypenny, Jordan & Manypenny & Adams, New Cumberland, for Earl Eugen Lyons.

Michael E. Nogay, Sellitti & Nogay and Donald C. Sinclair, II, Weirton, for Daniel L. Lyons.

PER CURIAM:

This case is before the Court upon the appeal of Earl Eugene Lyons and his wife, Audrey M. Lyons, from the August 28, 1985 Hancock County Circuit Court order containing findings of fact and conclusions of law concerning an easement dispute. The appellants' primary contention is that the trial judge erred when he concluded that a deed to a 6.5–acre tract containing an easement appurtenant, across a one-acre tract, granted an easement across that one-acre tract to an additional forty-acre tract subsequently deeded to the owner of the 6.5–acre tract. We affirm, in part, reverse, in part, and remand.

For purposes of illustration, the above map will be referenced in reviewing the chains of title to the properties in dispute. The appellants are Earl and Audrey Lyons. Earl is the uncle of the appellees. The appellees are four siblings: Daniel Lyons, Charles Lyons, Sandra Stanley and David Robinson, and their spouses. Since most of the parties have the same surname, first names will be used.

Prior to 1939, the above properties were owned as one, roughly 55–acre tract, by John Lyons. John Lyons had two sons, Herman (appellees' father) and Earl (appellant). He also had a brother, Robert.

In 1939, John deeded 6.5 acres of the 55 acres "[t]ogether with a right of way," to his son, Herman. The 6.5 acres are located in the southeast corner of the tract, fronting Harden Run Road (sometimes referred to as Hardin's Run Road or Hardin Run Road in the record). Although the tract fronts a public road, there was no driveway on Herman's 6.5–acre tract. However, the easement in the deed allowed Herman to use his father's driveway, which leads to Harden Run Road. The driveway is located near the western boundary of Herman's property.

On the same date in 1949, John Lyons deeded two other tracts from the original 55 acres. First, he deeded to his other son, Earl (the appellant) one acre which contains the road previously mentioned in Herman's deed. Earl's deed also specifically referenced the easement. A clause in Earl's

deed reads "[d]riveway reserved by Herman Lyons." Second, John deeded to his brother, Robert, roughly 41 acres. The 41 acres are located behind Herman's and Earl's properties. Robert's deed did not contain an easement. Both parties agree that Robert Lyons used a very hilly path on his 41–acre tract which lead to Pughtown Road (sometimes referred to as Poughtown or Pough Town Road in the record), the western boundary of that 41–acre tract. The current owner of the seven-acre tract fronting Harden Run Road, which was retained by John Lyons (now deceased) after the two 1949 conveyances, is not revealed in the record we have before us.

In 1955 Herman, who owned the 6.5 acres fronting Harden Run Road, was deeded, by his uncle, Robert, the 41 acres. From 1955 until 1982 Herman lived on the 6.5–acre tract fronting Harden Run Road. The 41 acres, very hilly, were used during an unspecified period for growing wheat.

In 1971, Herman deeded one acre of the 41 acres to a third party. The area he deeded fronts Pughtown Road, the western boundary. The deed reserved a 30–feet easement "for Herman Lyons and his heirs." The one acre fronting Pughtown Road was conveyed several times, each time, the 30–feet easement to Herman and his heirs, remained. The current owners of that one acre, fronting Pughtown Road, are the Smiths.

In 1982 Herman Lyons became ill. In March of 1982, he divided the forty acres into quadrants of ten acres each, and separately deeded the 10–acre tracts to each of his four children, the appellees. This division of the 40–acre tract is symbolized on the map by the broken lines appearing on the 40–acre tract.[1]

The appellees admitted at trial that they, their father, and their uncle engaged in excavation and construction for two access roads to the 40 acres. One road would lead from the 40 acres to Pughtown Road.[2] Another road would lead from the 40 acres, through the 6.5 acres, directly to Harden Run Road. An excavator hired by Herman Lyons to construct the roads testified that this road was "70% to 75% complete." There was no testimony that the roads could not be completed, only that, as one of the appellees testified, they were "not yet" completed. A family dispute arose, over matters uncertain, and construction stopped in late 1983.

Herman Lyons died in 1985. In his will, Herman devised his 6.5 acres to his four children. The will is not part of the record, therefore, the manner in which the four children hold the 6.5 acres is unclear. The appellees, Herman's four children, own the 6.5–acre tract, fronting Harden Run Road, which contains the easement across the property of their uncle, appellant, Earl Lyons, who owns the adjoining one acre, fronting Harden Run Road. The four appellees also own ten acres each, behind the 6.5 and one-acre parcels. The appellees intended to use the easement across their uncle, Earl's one-acre tract to the 6.5–acre tract, and then traverse the 6.5–acre tract to reach the 40 acres. Shortly after his brother's death, Earl Lyons erected a gate across the access road on his one-acre tract fronting Harden Run Road.

The appellees sought injunctive relief to require their uncle to remove the barrier and allow them access to not only the 6.5 acres, but also the 40 acres. The appellant answered the complaint and counterclaimed for monetary damages, alleging he had an oral contract with his deceased brother to

1. Each deed also states: "The grantor [Herman] further grants and reserves unto the grantee the right to use jointly with other adjoining property owners the present 30–foot right-of-way for the purpose of ingress and egress." This right of way is not described in the four deeds.

2. On the same day in October, 1982, the easement reserved for "Herman Lyons and his heirs" in the one-acre fronting Pughtown Road, owned by the Smiths, was released by Herman

and his four children. In exchange for the release and additional consideration, the Smiths conveyed a new 30–feet easement across an area of their property that was more conducive to road construction. The new easement, however, was deeded by the Smiths to *one* of Herman's children, appellee, Pam Lyons. Pam Lyons' ten-acre tract abuts the eastern boundary of the Smith's one acre.

construct the two access roads during 1982–83.

■ The case was tried upon the facts without a jury. In his memorandum of opinion, the trial judge ruled that: (1) the easement across the one-acre tract contained in the 1939 deed to the 6.5–acre tract (from Herman's father, to Herman) was an easement appurtenant to "the dominant estate of the plaintiffs [all 46.5 acres]" rather than an easement in gross; (2) based on evidence of reasonable enjoyment, that easement is at least 12 feet wide; (3) since the easement across the one-acre tract was contained in the 6.5–acre deed, it is an easement by grant, therefore, it is unnecessary to consider whether the appellees had an equitable right of access (across the 6.5 acres) through the one-acre tract for the 40 acres; (4) since the easement was by grant, it is unnecessary to consider whether the beginning of construction for two access roads evinced abandonment of any equitable right for the 40 acres; and (5) appellant, Earl Lyons' counterclaim is barred by the dead man's statute.[3]

■ First, we affirm the trial court's holdings one and two, that the 1939 deed which made no reference to a personal right of Herman Lyons, contained an easement appurtenant, that is at least twelve feet wide, based upon evidence of reasonable enjoyment. *Mays v. Hogue,* 163 W.Va. 746, 260 S.E.2d 291 (1979); *Palmer v. Newman,* 91 W.Va. 13, 112 S.E. 194 (1922).

■ However, we reverse the holding insofar as it suggests that an easement by grant for a dominant estate of 6.5 acres may become an easement by grant for a

dominant estate of 47.5 acres simply by the subsequent purchase of the adjoining 41 acres.[4] In 1939, Herman Lyons was deeded by his father the 6.5 acre-tract with the easement appurtenant. He subsequently was deeded 41 acres from his uncle in 1955. The deed to the 41 acres did not contain any similar easements across the one-acre tract in its chain of title. "An easement cannot be extended as a matter of right, by the owner of the dominant estate, to other lands owned by him." Syl. pt. 1, *Dorsey v. Dorsey,* 109 W.Va. 111, 153 S.E. 146 (1930), applied in *Riggs v. Roe,* 115 W.Va. 564, 177 S.E. 294 (1934); *Shaver v. Edgell,* 48 W.Va. 502, 37 S.E. 664 (1900); *Springer v. McIntire,* 9 W.Va. 196 (1896). *See also National Lead Company v. Kanawha Block Company,* 288 F.Supp. 357 (S.D.W.Va. 1968), *aff'd,* 409 F.2d 1309 (4th Cir.1969). Therefore, the only easement by grant is the easement appurtenant to the 6.5 acre tract, which cannot be extended, by the terms of the grant, to the subsequently purchased property.

■ Second, when the trial judge erroneously concluded that the easement by grant across the one-acre tract contained in the 6.5 acre deed also granted an easement for the subsequently purchased 41 acres, he declined to address various equitable means of attaining easements, specifically, whether a prescriptive easement had arisen. The trial judge also specifically declined to consider the effect of construction for additional roads on any equitable right.[5]

" 'When the record in an action or suit is such that an appellate court cannot in justice determine the judgment that should be

3.  We affirm the trial court's ruling against the appellant on the counterclaim for monetary damages arising from an alleged oral contract with his deceased brother for construction work. Regardless of whether the statute of frauds was properly pled, the trial judge properly applied the Dead Man's Statute, *W.Va.Code,* 57–3–1 [1937] and disregarded all statements by the appellant, the only person who testified that such a contract existed.

4.  The appellees contend that the easement by grant contained in the 6.5–acre deed can be expanded to their 40 acres by the subsequent

purchase of 41 acres by their father, their predecessor in title. If this were true, then the Smiths would have an easement across the appellants' and the appellees' properties, since Herman Lyons initially purchased 41 acres.

5.  Equitable easements may be extinguished by certain acts, including abandonment whereas easements by grant may not. Since the trial judge found that the appellees had an easement by grant, he did not consider the evidence of abandonment. *Moyer v. Martin,* 101 W.Va. 19, 131 S.E. 859 (1926).

finally rendered, the case should be remanded to the trial court for further development.' Syl. pt. 2, *South Side Lumber Co. v. Stone Construction Co.*, 151 W.Va. 439 (1975)." Syl., *Blevins v. May*, 158 W.Va. 531, 212 S.E.2d 85 (1975).

■ The record is unclear regarding the elements necessary to establish an easement by prescription across the one-acre tract (through the 6.5–acre tract) for the 40–acre tract, therefore, this case is remanded.[6]

■ On remand, the trial court should determine whether the appellees have proven through clear and convincing evidence all elements necessary to establish an easement by prescription across the one-acre tract (through the 6.5–acre tract) for the 40–acre tract. In syl. pt. 3, *Berkeley Development Corp. v. Hutzler*, 159 W.Va. 844, 229 S.E.2d 732 (1976), the court restated the elements necessary for establishing prescriptive easements:

'The open, continuous and uninterrupted use of a road over the land of another, under *bona fide* claim of right, and without objection from the owner, for a period of ten years, creates in the user of such road a right by prescription to the continued use thereof.' Syllabus pt. 2, *Post v. Wallace*, 119 W.Va. 132, 192 S.E. 112 (1937).

Factual findings specific to the 40–acre tract for each of the above elements are required. In his findings of fact, the trial judge noted that Herman Lyons used the easement for 46 years. It is unclear, based upon the record, whether this 46–year period was for the 6.5–acre tract or the 40–acre tract, or both. (Herman Lyons owned the 40–acre tract for only 30 years). The trial judge also found that the 40 acres were used for hay bailing in excess of ten years, which apparently required the transportation of equipment across the one-acre tract. However, the trial judge made no finding regarding the continuous nature of this use of the easement. Finally, the trial judge made no factual findings concerning Herman Lyons' use of the easement for the 40 acres as being under a claim of right.

The trial judge should also determine whether the attempted construction of the two additional access roads (which was halted for reasons not apparent in the record currently before the Court) constitutes abandonment of any prescriptive right that may have matured. *See* 6B Michie's Jurisprudence, *Easements*, §§ 16, 18 (1985).

To summarize, we hold that: (1) the 6.5–acre tract contains an easement appurtenant across the one-acre tract; (2) however, that appurtenant right does not extend to the back 40 acres by means of grant; (3) the record is not sufficiently developed to determine whether a prescriptive easement across the one-acre tract through the 6.5–acre tract for the 40–acre tract has arisen and whether the appellees and their father's actions toward construction of two access roads constitute abandonment of any prescriptive right which may have matured; and (4) the trial court properly applied the Dead Man's statute to bar the counterclaim.

---

6. The appellees contend that the appellant, Earl Lyons, had admitted the existence of a prescriptive easement across the one-acre tract (through the 6.5–acre tract) to the 40–acre tract. In their complaint, the appellees allege facts to establish an easement by prescription, but they do not specify whether the use of the road was for the entire 46 acres or merely the 6.5–acre tract. In response, appellant, Earl Lyons, denied that all elements necessary to establish a prescriptive right existed, and also denied the width of any prescriptive easement. Discussions prior to trial do not clearly suggest that the appellants agreed that a prescriptive right to the 40 acres existed.

On remand, the appellees are precluded from arguing that an easement by necessity across the one-acre tract for the formerly 41–acre tract existed. Syl. pt. 3, *Prete v. Merchants Property Ins. Co.*, 159 W.Va. 508, 223 S.E.2d 441 (1976). All evidence adduced at trial suggested that when the 41 acres were initially severed from the 55–acre tract, the owner of the 41 acres had other reasonable means of access to the 41 acres. Further, when Herman Lyons received the 41 acres he reserved other means of access to the 41 acres. Syl. pt. 4, *Berkeley Development Corp. v. Hutzler*, 159 W.Va. 844, 229 S.E.2d 732 (1976).

For all the foregoing reasons, we affirm, in part, reverse, in part, and remand this case to the Circuit Court of Hancock County for further development consistent with this opinion.

AFFIRMED, IN PART; REVERSED, IN PART, AND REMANDED.