H. E. TEACHOUT v. CAPITAL LODGE OF THE INDEPENDENT
ORDER OF ODD-FELLOWS, ET AL., Appellants.

**Leases:** USE OF STAIRWAY: RIGHTS OF LESSEE. A lease for ninety-nine years of the third story of a building " together with an open and unobstructed passageway " for a stairway, the same so constructed that the rooms on the second floor open into the hallway with egress therefrom by means of the stairway, will not be construed as giving such lessee the exclusive right to use the stairway and to preclude the lessor, his tenants and grantees from using the same for any purpose properly incident to the usual occupancy of the second floor.

**Easements:** CREATION BY RESERVATION: APPURTENANCES. A reservation in a deed conveying one-half of a building of " the right to use the stairway and hallway up stairs " located in the other half, ownership of which was retained by the grantor, creates an easement appurtenant to the part unsold which will pass to subsequent grantees, although not specifically described in such grant: and such reservation need not have been to the grantor, his heirs and assigns, as it is not a personal privilege but runs with the property.

**Continued right to easement.** Where an easement to a stairway has been reserved by deed, it is not necessary to the continued use of the same that tenants of the premises have no other access to their tenements.

**Easements:** CONSTRUCTION. Under the evidence the reservation in a deed to one-half of a building, of " the right to use the stairway and hall up stairs " in connection with the occupancy of the part unsold, constituted not only an easement in the hallway on the second floor, but also in the stairway leading from the street thereto.

**Abandonment.** The fact that a tenant is not making actual use of a stairway in connection with his premises, will not indicate an abandonment by the landlord of the right to use the same.

*Appeal from Polk District Court.* — HON. JAMES A. HOWE,
Judge.

WEDNESDAY, JULY 12, 1905.

ACTION to enjoin the defendant lodge and its trustees from removing or barricading a stairway in a building owned by the defendant lodge, in which stairway the plaintiff, who owns an adjoining building, claims to have an easement. Decree for plaintiff, from which defendants appeal.— *Affirmed.*

*MacKenzie & Franklin,* for appellants.

*Thomas A. Cheshire,* for appellee.

McCLAIN, J.— The respective claims of the parties with reference to the stairway in question will sufficiently appear from the following statement, which, while not accurate in detail as to the description of the buildings adjoining it, covers all the facts necessary to be considered in determining the rights of the parties thereto:   In 1876 one Ira Perigo owned lot 5 in block 19 of the town of East Des Moines, situated on the southeast corner of Sixth street and what is now designated as Grand avenue, with a frontage of sixty feet on Grand avenue, and 132 feet on Sixth street. Proposing to build a business block on the north forty-four feet of this lot, with the frontage on Sixth street, he entered into a contract with the defendant lodge by which he was to build two stories, and the lodge was to build the third story for its use, under a lease for ninety-nine years.   The only portion of this lease now material is the provision that the lease covers the upper story of the building as already described, " together with an open and unobstructed passageway to be not less than four feet wide and running from the Sixth street front of said brick building to a point on the second story where the stair commences leading to the upper story with the necessary space running south from the main passageway on the second story requisite for the building of the stairs from the second story to the upper story of said brick building."

Under this arrangement a double brick building was constructed, the two parts being separated on the first and second floors by a brick wall, and the stairway from the Sixth street front to the second floor was constructed on the south side of this wall, while on the second floor a hallway running to the eastern end of the building and the stairway leading to the lodgeroom on the third floor were also on the south side of this wall. · In 1885 Perigo conveyed the south half of the building to Lafayette Harter by warranty deed, containing this clause, " and the said Perigo reserves the right to use the stairway and hall upstairs." The portion of the building retained by Perigo had rooms on the second floor, with doors leading from them into the east and west hallway, and the occupants of these rooms used this hallway and the stairway from Sixth street in connection with, and as incident to the occupancy of, such rooms. By conveyances from Lafayette Harter, through intermediate grantees, the defendant has acquired title to the south half of the building as above described; there being no reservation in the warranty deeds of conveyance of any easement or privilege with reference to the stairway or hallway such as is referred to in the conveyance from Perigo to Harter. In 1888 Perigo conveyed the north half of the building to a grantee, who in turn conveyed the same to plaintiff, no reference being made in such conveyances to the use of said stairway and hallway situated on the south side of the wall between the two buildings. The defendant lodge, having acquired another building south of the south portion of the Perigo building, of which it has become the owner by conveyance from Harter, through intermediate grantees, and desiring to construct another stairway south of the portion of the original Perigo building thus acquired, has attempted to close the stairway in the Perigo building, and prevent that use of such stairway by occupants of the north half of the Perigo building, now belonging to plaintiff; and the plaintiff seeks to enjoin the closing of this stairway.

The claim of plaintiff is that the reservation by Perigo, in his conveyance to Harter, of the stairway and hallway in the south half of his building, created an easement appurtenant to the north half of the building, which passed, without specific reference in the intermediate conveyances, to the plaintiff, and that the defendant lodge took title to the south half of the building subject to the easement thus created. The claim of the defendant is that the original lease for 99 years of the third story of the Perigo building, with the provision therein relating to the stairway, gave to the defendant lodge the exclusive right to the use of the stairway from Sixth street to the second floor of the building during the term of the lease, and that on the purchase of the south half of the building this right merged into the ownership of the south half, out of which the stairway and hallway were reserved, and that no easement arose by virtue of the lease or the reservation in the conveyance to Harter, which became appurtenant to the north half of the building, and passed by conveyance thereof. This is the very point in issue, for appellants' counsel, throughout their argument, and in each division thereof, insist that under the original lease to defendant lodge the exclusive use of the Sixth street stairway was granted to the lodge. But considering the provision of the lease in the light of the surrounding circumstances and the subsequent conduct of the parties, we reach the conclusion that it was the privilege of using this stairway, and not the exclusive right to its use, which was granted to the lodge. The grant was of " an open and unobstructed passageway," and this language does not indicate in itself the right to an exclusive use. In view of the circumstances under which the lease was made, no such construction of the language would be justified. Perigo was leasing to the defendant lodge the third story of his building, and was evidently granting to the lodge the means of access to such story. It could not have been intended, we think, that Perigo was not to have the right,

1. LEASES: use of stairway; rights of lessee.

for himself, his tenants, and his grantees, to use the stairway, for any proper purpose incident to the usual occupancy of the second floor of his building.

Therefore, when Perigo conveyed to Harter the south half of the building, reserving " the right to use the stairway and hallway upstairs," he did not simply reserve the use of the stairway for the defendant lodge, but also for himself, as owner of the north half of the building, which reservation would pass by any lease or conveyance of the north half, without specific reference thereto. That such an easement passes by a conveyance of the premises to which it is appurtenant, without specific description, is well settled by the authorities. It is not necessary that a reservation shall have been made to the grantor, his heirs and assigns, in order to create an easement appurtenant to the property owned by the grantor at the time of such reservation, and for the beneficial use of which the reservation is made. Such a reservation is not a personal privilege, but a privilege appurtenant to the property. *Karmuller v. Krotz,* 18 Iowa, 352; *Thompson v. Miner,* 30 Iowa, 386; *Decorah Woolen Mill Co. v. Greer,* 49 Iowa, 490; *Moll v. McCauley,* 83 Iowa, 677; *McPherson v. Acker,* MacArthur & M., 150, 48 Am. Rep. 749. These cases are not predicated upon the doctrine of easement by necessity, but upon an implied covenant with reference to the beneficial enjoyment of the premises to which the easement is appurtenant. *Toothe v. Bryce,* 50 N. J. Eq. 589 (25 Atl. 182).

2. EASEMENTS: creation by reservation; appurtenances.

It is wholly immaterial, therefore, whether tenants of the north half of the building did have access from the east end of the hall on the second floor to Grand avenue by means of another stairway, unless possibly the existence of such a stairway is to be considered as indicating the intention to be implied from the language used in the lease to the defendant lodge, and in the reservation made in the conveyance to Harter. But the continuous use by the occupants of the second floor of the

3. CONTINUED RIGHT TO EASEMENT.

north half of the building of the Sixth street stairway down to or near the time when the defendant lodge attempted to close this stairway would negative any understanding that their means of ingress and egress between the hall and the street was limited to the use of the stairway from the east end of the hall to Grand avenue. It appears that the present tenant of the north half of the building has closed the doors from the second floor of his tenement to this hallway, and has constructed for his own purposes an interior stairway from the first to the second floor, and that the stairway from the east end of the hall to Grand avenue, which from the first was a temporary structure, has fallen into disuse, if it has not entirely disappeared. But these facts have no bearing, we think, on the right of the plaintiff, as owner of the north half of the building, to the use of the Sixth street stairway as an easement appurtenant to his building.

Counsel for appellants would have us consider the reservation in the conveyance by Perigo to Harter of the south half of the building, already quoted, as relating only to the hallway on the second floor and the stairway leading from the second floor to the lodgeroom.

4. EASEMENTS: construction.

But we cannot believe that this is a fair interpretation of the language, and, in view of the construction of the building, known to both parties at the time the conveyance was made, and the subsequent continuous use of the Sixth street stairway in connection with the occupancy of the second floor of the north half of the building, certainly Harter could not have understood, nor can his grantees be justified in insisting that in this conveyance Perigo intended to deprive himself and his grantees, as owners of the north half of the building, of the use of this Sixth street stairway as a method of ingress and egress to and from the hall on the second floor.

Nor is there any competent evidence of the abandonment by the plaintiff of the legal right to enjoy this easement. The mere fact that the present tenant of plaintiff's premises

is not making actual use of the Sixth street stairway does
not indicate any abandonment of such right by
5. ABANDON-
MENT.    plaintiff, and the fact that plaintiff has al-
lowed the stairway to Grand avenue to fall into
disuse affirms, rather than negatives, his continuous insist-
ence upon the right to access to the second floor and hallway
by means of the Sixth street stairway.

We are satisfied that the decree of the trial court is
right, and it is *affirmed.*