542 S.E.2d 475

**CHANGE, INC., Plaintiff Below, Appellant,**

v.

**WESTFIELD INSURANCE COMPANY, A Foreign Corporation, and the City of Wheeling, A Municipal Corporation, and St. Paul Fire and Marine, A Foreign Corporation, Defendants Below, Appellees.**

No. 27863.

Supreme Court of Appeals of West Virginia.

Submitted Nov. 1, 2000.

Decided Dec. 5, 2000.

Jay T. McCamic, Esq., McCamic & McCamic, John J. Pizzuti, Esq., Camilletti, Sacco & Pizzuti, L.C., Wheeling, West Virginia, Attorneys for Appellant.

Brent K. Kesner, Esq, Tanya M. Kesner, Esq., Ellen R. Archibald, Esq., Kesner, Kesner & Bramble, Charleston, West Virginia, Attorneys for Appellee Westfield Insurance Company.

PER CURIAM:

In this case, the Circuit Court of Ohio County granted the defendant, Westfield Insurance Company, summary judgment in an action brought by one of its insured's, Change, Inc., growing out of the refusal of Westfield Insurance Company to settle a claim resulting from water damage to Change, Inc.'s, premises located in Wheeling, West Virginia. The circuit court granted summary judgment because the court concluded that the insurance policy issued by Westfield Insurance Company unambiguous-

ly excluded from coverage the loss sustained by Change, Inc. On appeal, Change, Inc., argues that the policy in question did not exclude the type of damage which it sustained and that the circuit court erred in granting Westfield Insurance Company summary judgment.

## I.

### FACTS

On June 27, 1997, a water main owned by the City of Wheeling ruptured and damaged the offices of Change, Inc., which is a non-profit organization. At the time, the premises occupied by Change, Inc., were covered by a commercial property insurance policy issued by Westfield Insurance Company. The policy provided that Westfield Insurance Company would pay for damage caused by "Specified Causes of Loss." "Specified Causes of Loss" were defined as "Fire, lightning, explosion ... water damage." "Water damage" was defined as "accidental discharge or leakage of water or steam as the direct result of the breaking or cracking of any part of a system or appliance containing water or steam."

Another portion of the policy excluded certain types of water damage. Specifically, the policy stated:

1. We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

\*   \*   \*

g. **Water**

(1) Flood, surface water, waves, tides, tidal waves, overflow of any body of water, or their spray, all whether driven by wind or not;

(2) Mudslide or mudflow;

(3) Water that backs up from a sewer or drain; or

(4) Water under the ground surface pressing on, or flowing or seeping through:

(a) Foundations, walls, floors or paved surfaces;

(b) Basements, whether paved or not; or

(c) Doors, windows or other openings.

But if loss or damage by fire, explosion or sprinkler leakage results, we will pay for that resulting loss or damage.

After it suffered water damage to its offices, Change, Inc., filed a claim with Westfield Insurance Company under its policy. Westfield Insurance Company refused to pay the claim, because it concluded that the damage was excluded under the exclusionary language of the policy. As a result, Change, Inc., instituted the present action in the Circuit Court of Ohio County.[1] In its action, Change, Inc., claimed that Westfield Insurance Company had breached its contract, that it had violated the Unfair Claims Settlement Practices Act, and that it had engaged in bad faith in considering its claim.

Following the filing of the action, discovery was conducted, and Westfield Insurance Company moved for summary judgment. The Circuit Court of Ohio County took the motion for summary judgment under consideration and on October 29, 1999, found, among other things, that:

6. The policy in issue, in pertinent part, unambiguously excluded from coverage all loss or damage caused directly or indirectly by water that came from a flood, surface water, waves, tides, tidal waves, overflow of any body of water, or their spray, all whether driven by wind or not. It also excluded water that backs up from a sewer or drain as well as water under the ground surface pressing on, or flowing or seeping through foundations, walls, floors or paved surfaces, as well as basements, whether

---

1.  Change, Inc., also filed claims against the City of Wheeling and the City's insurance company, St. Paul Fire and Marine Insurance Company. When they refused to pay, they were included as parties defendant in the present action. It ap-

pears that the claims against the City of Wheeling and St. Paul Fire and Marine Insurance Company were settled before the bringing of this appeal.

paved or not, and doors, windows or other openings.

7. The water that damaged Plaintiff's property was outside water that came from under the ground surface and either flowed or seeped through openings in Plaintiff's building and then entered Plaintiff's basement office.

The court ruled that the policy provisions were not ambiguous and that they clearly excluded the water damage loss sustained by Change, Inc. The court stated that for that reason, there was no genuine issue of fact to be tried, and that Westfield Insurance Company was entitled to summary judgment. From that ruling, Change, Inc., now appeals.

## II.

### STANDARD OF REVIEW

■ This Court has indicated that a summary judgment should be reviewed *de novo. Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994). The Court has also indicated that: "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syllabus Point 3, *Aetna Casualty & Surety Company v. Federal Insurance Company of New York,* 148 W.Va. 160, 133 S.E.2d 770 (1963). Lastly, the Court has stated that in determining whether there is a genuine issue of material fact in a case, the Court will construe the facts in the light most favorable to the losing party. *Alpine Property Owners Association v. Mountaintop Development Company,* 179 W.Va. 12, 365 S.E.2d 57 (1987).

### III.

### DISCUSSION

■ It has been recognized that when the language of an insurance policy is of such doubtful meaning that reasonable minds might be uncertain or disagree as to its meaning, then the insurance policy is ambiguous. *Prete v. Merchants Property Insurance Company of Indiana,* 159 W.Va. 508, 223 S.E.2d 441 (1976). The Court has also indicated that: "It is well settled law in West Virginia that ambiguous terms in insurance contracts are to be strictly construed against the insurance company and in favor of the insured." Syllabus Point 4, *National Mutual Insurance Company v. McMahon & Sons, Inc.,* 177 W.Va. 734, 356 S.E.2d 488 (1987).

■ In the present case, the Court believes that the policy issued by Westfield Insurance Company is uncertain, or that reasonable minds might disagree as to its meaning and that it is, thus, ambiguous. At one point the policy specifically provides that it will cover water damage resulting from the accidental discharge or leakage of water resulting from the breaking or cracking of any part of a system containing water. At another point, the policy specifically excludes coverage of damage from water under the ground surface pressing on, flowing or seeping through foundations, etc. In the Court's view, it is unclear as to whether the policy provides coverage resulting from the breaking or cracking of a system containing water which is wholly or partially underground. Because the policy is ambiguous, the Court believes that under Syllabus Point 4 of *National Mutual Insurance Company v. McMahon & Sons, Inc., id.,* the policy must be construed strictly against the insurer.

Recently, in *Murray v. State Farm Fire and Casualty Company,* 203 W.Va. 477, 509 S.E.2d 1 (1998), the Court examined the question of whether an insurance policy similar to the one in question in the present action covered a landslide. In *Murray,* the Court concluded that the policy was ambiguous and determined that the exclusion should be construed by applying the construction principals of *ejusdem generis* and *noscitur a sociis.* The Court stated:

Under the doctrine of *ejusdem generis,* "[w]here general words are used in a contract after specific terms, the general words will be limited in their meaning or restricted to things of like kind and nature with those specified." Syllabus Point 4, *Jones v. Island Creek Coal Co.,* 79 W.Va. 532, 91 S.E. 391 (1917). The phrase *noscitur a sociis* literally means "it is known from its associates," and the doctrine implies that the meaning of a general word is

or may be known from the meaning of accompanying specific words. *See* Syllabus Point 4, *Wolfe v. Forbes,* 159 W.Va. 34, 217 S.E.2d 899 (1975). The doctrines are similar in nature, and their application holds that in an ambiguous phrase mixing general words with specific words, the general words are not construed broadly but are restricted to a sense analogous to the specific words.

203 W.Va. at 485, 509 S.E.2d at 9.

The exclusion involved in the present case states that Westfield Insurance Company will not pay for loss or damage caused by "Flood, surface water, waves, tides, tidal waves, overflow of any body of water, or their spray, all whether driven by wind or not," and also by such things as mudslides or mudflows, and backups of water in drains. On the other hand, it specifically indicates that if the loss is caused by such things as sprinkler leakage, Westfield Insurance Company will pay for the resulting loss.

The doctrine of *noscitur a sociis* dictates that language should be construed in accordance with the words which are its associates. The Court observes that the words of the exclusionary language specifically exclude damage by flood, surface water, waves, tides, tidal waves, etc. These words all refer to water arising from natural causes or from natural disasters. On the other hand, the language of the exclusionary clause includes in coverage damage by sprinkler leakage, that is, water from a manmade system.

In light of the fact that Syllabus Point 4 of *National Mutual Insurance Company v. McMahon & Sons, Inc., supra,* indicates that ambiguous terms in an insurance policy should be strictly construed against the insurance company, and in light of the fact that the language of the exclusionary provisions in question exclude coverage for water damage of natural origin, but provide coverage for water damage from a manmade system, the Court concludes that, after applying the doctrine of *noscitur a sociis,* the proper construction of the policy in the present case is that the policy issued by Westfield Insurance Company to Change, Inc., in the present case provided coverage to Change, Inc., for the water damage resulting from the rupture of the City of Wheeling's water main, a manmade structure.

For the reasons stated, the judgment of the circuit court is reversed, and this case is remanded for further development.

Reversed and remanded.