544 S.E.2d 87

Mark **STRICKLIN** and Wendy Stricklin, His Wife, and William R. Lewis and Donna Lewis, His Wife, Petitioners Below,

Wendy Stricklin, William R. Lewis and Donna Lewis, His Wife, Petitioners Below, Appellants,

City National Bank, Intervenor,

v.

Kenneth B. **MEADOWS** and Lucille Meadows, His Wife, Respondents Below, Appellees.

Mark Stricklin and Wendy Stricklin, His Wife, and William R. Lewis and Donna Lewis, His Wife, Plaintiffs Below,

Wendy Stricklin, William R. Lewis and Donna Lewis, His Wife, Plaintiffs Below, Appellants,

v.

Kenneth B. Meadows and Lucille H. Meadows, His Wife, Defendants Below, Appellees,

Catherine Weiskircher and Gary Lee Keeling and Sandra C. Keeling, His Wife, and Karen Ellwood and "Persons Unknown", Defendants Below.

No. 28480.

Supreme Court of Appeals of West Virginia.

Submitted Feb. 7, 2001.

Decided Feb. 22, 2001.

Gail Henderson–Staples, Henderson, Henderson & Staples, Huntington, West Virginia, Attorney for the Appellants.

Ancil G. Ramey, Steptoe & Johnson, Charleston, West Virginia, Attorney for the Intervenor.

Paul J. Prunty, Bernard T. Nibert, II, Prunty Law Offices, Huntington, West Virginia, Attorney for the Appellees.

PER CURIAM:

This is an appeal by Wendy Stricklin, William R. Lewis, and Donna Lewis (hereinafter "Appellants") from an order of the Circuit Court of Putnam County granting summary judgment to Kenneth P. Meadows and Lucille Meadows, his wife (hereinafter "Appellees"). The Appellants contend that the low- er court erred by concluding that the deed establishing the easement was ambiguous, in allowing the introduction of extrinsic evidence, and in determining that the easement was in gross rather than appurtenant. Based upon our review of the record, briefs, and arguments of counsel, we agree with the Appellants' contentions and reverse the decision of the lower court.

## I. Facts

In 1951, Mr. and Mrs. Bernard N. Weiskircher owned Lot Nineteen of Sunnybrook Estates in Putnam County, West Virginia. During the construction of the Sunnybrook Estates subdivision, the Weiskirchers partitioned Lot Nineteen into two parts and conveyed the western portion to Mr. and Mrs. E.H. Keeling, the Appellants' predecessors in title. That August 8, 1957, deed established two easements across the property retained by the Weiskirchers, an unchallenged twenty-foot easement and the fifteen-foot easement which is the subject of this appeal. The deed provided, in pertinent part, as follows:

> For the consideration stated above, the parties of the first part further grant and convey to the parties of the second part, as joint tenants, with rights of survivorship and not as tenants in common, a second easement and right of way 15 feet in width for access to said property to be used by the parties of the second part in common with the parties of the first part and other property owners in said subdivision over and across remaining land of the parties of the first part which second easement and right-of-way shall be adjacent to and along the northerly line of said Lot No. 19 of Sunnybrook Estates and running from the State road to the easterly line of the parcel of land herein conveyed.

The words "and other property owners" had been stricken from the deed, as indicated above.[1]

In August 1961, the Weiskirchers conveyed their property to the Appellees.[2] That deed

---

1. Extrinsic evidence introduced by the Appellees, in the form of an affidavit by Mrs. Catherine Weiskircher, indicates that the words were stricken by Mr. Bernard Weiskircher during ne- gotiations surrounding the transfer of the property from the Weiskirchers to the Keelings in 1957.

2. The Weiskirchers had conveyed their property to Mr. and Mrs. Jack Shea in May 1959, and the

specifically acknowledged the easements, referencing the fifteen-foot easement as follows:

There is reserved from this conveyance an easement and right of way 15 feet in width for the exclusive use of the property now owned by E.H. Keeling and wife, and a part of the said Lot Nineteen (19), which said easement and right-of-way is adjacent to and along the northerly line of said Lot No. 19 of Sunnybrook Estates and running westerly from the said state road to the Keeling land.

By deed dated March 15, 1989, the Keelings conveyed their property to Appellants Mr. and Mrs. Lewis, the parents of Appellant Wendy Stricklin. That deed referenced the easements, providing that the property was conveyed "together with the improvements therein and the appurtenances thereunto belonging. . . ." The deed also provided that "[t]his conveyance is made subject to any and all restrictions, easements, rights of ways contained in the chain of title." Both easements were depicted in a map attached to that 1989 deed.

On January 22, 1997, Appellants Mr. and Mrs. Lewis conveyed the property in question to their daughter, Appellant Wendy Stricklin and her husband Mark Stricklin.[3] That 1997 deed referenced the easements by stating that the property was conveyed "together with appurtenances" and "subject to all easements." Although that deed did not specifically reference the easement widths or precise locations, a second corrected deed did specify the exact easement locations.

Upon obtaining their property, the Stricklins attempted to utilize the fifteen-foot easement across the Appellees' property to access the state road. The Appellees objected to such usage and erected a fence and gate across the easement. The Stricklins filed two separate civil actions challenging the Appellees' conduct, seeking temporary and permanent relief in the form of an order requiring the removal of the fence and gate and seeking to quiet title to the easement.[4] The two actions were consolidated by the lower court on March 17, 1999.[5]

By order dated August 19, 1999, the lower court concluded that the striking of the language "and other property owners" in the Appellants' predecessors' deed rendered that deed ambiguous regarding whether the easement was appurtenant or in gross. The lower court explained as follows:

The Court has determined that the deletion of certain language from the 1957 deed creates an ambiguity in that it is "uncertain, indefinite, obscure, equivocal, or not clear, so there is doubt as to the meaning and proper construction thereof." *Cotiga Development Co. v. United Fuel Gas Co.*, 147 W.Va. 484, 128 S.E.2d 626 (1962).

Having found the document ambiguous, the lower court proceeded to accept extrinsic evidence regarding the intent of the Appellees' predecessors in title. The court considered the affidavits of Mrs. Catherine Weiskircher, one of the original grantors, and Mr. Gary Keeling, the son of the original grantee. Both affidavits indicated that the easement

Sheas conveyed that property back to the Weiskirchers in September 1959. Those deeds both specifically referenced the easements. It does not appear, however, that those deeds were submitted for the lower court's consideration.

3. Mark and Wendy Stricklin are currently divorced, and he is not a party to this appeal.

4. During the pendency of this action, Mrs. Catherine Weiskircher, one of the original grantors, conveyed a quit claim deed to the Appellees regarding any interest in the easement, thirty-seven years after the original conveyance. The Appellees also submitted a January 25, 1999, affidavit signed by Mrs. Weiskircher indicating the Weiskircher's intent in 1957 to make the easement personal to the Keelings.

5. The lower court originally granted summary judgment to the Appellees by default based upon the Appellants' failure to file a brief. That original grant of summary judgment referenced adverse possession and characterized the easement as an easement in gross. That order was set aside, however, and the Appellants were permitted to respond to the Appellees' summary judgment motion. During subsequent deliberation regarding adverse possession, the lower court explained that adverse possession was an issue for the jury and that the main inquiry was whether the easement was appurtenant or in gross. By concluding that it was in gross, the lower court did not have to reach the issue of adverse possession. That issue is therefore not properly before this Court.

was intended to be personal between the Weiskirchers and the Keelings. Based upon such extrinsic evidence, the lower court concluded that the fifteen-foot easement created in the 1957 deed was in gross, rather than appurtenant, and consequently granted the Appellees' motion for summary judgment. The Appellants appeal that decision to this Court, contending that the easement is appurtenant.

## II.   Standard of Review

■ In syllabus point one of *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994), "A circuit court's entry of summary judgment is reviewed *de novo*." We consequently review this matter *de novo*.

## III.   Discussion

### A.   Absence of Ambiguity

■ In syllabus point one of *Cotiga Development Co. v. United Fuel Gas Co.*, 147 W.Va. 484, 128 S.E.2d 626 (1962), this Court explained that "[a] valid written instrument which expresses the intent of the parties in plain and unambiguous language is not subject to judicial construction or interpretation, but will be applied and enforced according to such intent." Where no ambiguity exists, extrinsic evidence should not be permitted. In *Sally–Mike Properties v. Yokum*, 175 W.Va. 296, 332 S.E.2d 597 (1985), this Court stated that the "language of the instrument itself, and not surrounding circumstances, is the first and foremost evidence of the parties intent." *Id.* at 300, 332 S.E.2d at 601.

■ The Appellants maintain that the lower court erred in determining that deletions contained in the 1957 deed between predecessors in interest created an ambiguity with respect to whether an easement referenced therein was appurtenant or gross. The Appellants assert that the removal of the words "and other property owners" from the document does not alter the intent of the grantors as it pertains to the Appellants and their predecessor in title. The removal of the words, according to the Appellants, signifies an attempt to exclude non-adjoining property owners, having no effect upon the property then owned by the Keelings and currently

owned by Appellant Stricklin. The extraction of the words "and other property owners" merely specified that the easement was not intended to create a public way for "other property owners in said subdivision."

The Appellees maintain that the lower court was correct in ruling that the deed was ambiguous to the extent that removal of the language indicated an intent to limit the usage of the easement in some manner. This Court's evaluation of the language utilized in the deed does not support the conclusion urged by the Appellees. Regarding the intended use of the fifteen-foot easement, the deed provides that the easement will be used "for access to said property to be used by the parties of the second part [the Keelings] in common with the parties of the first part [the Weiskirchers] in said subdivision over and across remaining land of the [Weiskirchers]." In the view of this Court, the removal of the words initially contemplated, "and other property owners," does not affect the status of the easement as appurtenant or in gross and does not render the easement ambiguous. The establishment of the easement, as set out in the deed, is clear and devoid of any *genuine* uncertainty. We consequently conclude that the lower court erred by finding that the deed was ambiguous and by permitting the introduction of extrinsic evidence.

### B.   Creation of Appurtenant Easement

■ The Appellants contend that the plain and unambiguous language of the deed establishes that the easement is appurtenant, not in gross. In syllabus point one of *Jones v. Island Creek Coal Company*, 79 W.Va. 532, 91 S.E. 391 (1917), this Court explained as follows:

> If an easement granted be in its nature an appropriate and useful adjunct of the dominant estate conveyed, having in view the intention of the grantee as to the use of such estate, and there is nothing to show that the parties intended it as a mere personal right, it will be held to be an easement appurtenant to the dominant estate.

Applying the principles of *Jones* in *Post v. Bailey*, 110 W.Va. 504, 159 S.E. 524 (1931), this Court observed that the precepts elucidated in *Jones* supported the proposition that

"an easement will not be presumed to be in gross when it can fairly be construed to be appurtenant." 110 W.Va. at 508, 159 S.E. at 526. In syllabus point two of *Post*, this Court held: "Whether an easement is appurtenant or in gross is to be determined by the intent of the parties as gathered from the language employed, considered in the light of surrounding circumstances." *Id.* at 504, 159 S.E. at 524.

In *Mays v. Hogue*, 163 W.Va. 746, 260 S.E.2d 291 (1979), the owners of the subservient estate advanced an argument similar to the Appellees' argument in the present case. The easement in question had been established by predecessors in title, and the subservient estate owners contended that the easement should be considered personal based upon the absence of reference to the rights of successors, heirs, or assigns. They maintained that the easement was applicable only to the original property owners and not transferrable to subsequent owners. *Id.* at 748, 260 S.E.2d at 293. The lower court held, and this Court agreed, that the conveyance was not merely personal in nature. *Id.* at 748–49, 260 S.E.2d at 293. Implementing the principles of *Jones* and *Post*, this Court concluded that "in the absence of a showing that the conveyance was a merely personal right, then the right created should be considered an easement appurtenant." *Id.* at 750, 260 S.E.2d at 294. This Court discerned no "showing that the parties intended that the right be a merely personal one" and concluded that the easement was appurtenant rather than in gross. *Id.*

The deed in the present case did not employ any language indicative of an intent to create a personal easement.[6] The deed established an easement for the benefit of the *property* now owned by the Stricklins and did not indicate that the easement would be discontinued upon cessation of ownership by the Keelings. As the Appellants contend, the stricken language merely clarified that the easement was limited to owners of the dominant property and did not create a public way for "other property owners in said subdivision."

In the absence of language in the deed creating a personal easement and in accordance with the principles of *Mays*, the easement is to be characterized as an easement appurtenant. In this vein, the Appellees forward the inverse argument, contending that the *absence* of language regarding the rights of successors or assigns to utilize the easement should trigger a presumption that the easement is in gross. As the prior cases clearly instruct, however, that is an incorrect analysis. In *Mays*, this Court explicitly stated that the absence of language regarding successors or assigns should not be interpreted to mean that the easement was in gross rather than appurtenant. Specifically, the *Mays* Court asserted: "It has been widely held that the omission of such words as 'heirs and assigns' ordinarily does not tend to show that a grant is personal rather than appurtenant." 163 W.Va. at 750, 260 S.E.2d at 294. Moreover, as discussed above, this Court specified in *Post* that "an easement will not be presumed to be in gross when it can fairly be construed to be appurtenant." 110 W.Va. at 508, 159 S.E. at 526.

Based upon the foregoing, we conclude that the easement in the present case is an appurtenant easement. We consequently reverse the determination of the lower court and remand this matter for additional proceedings consistent with this opinion.

Reversed and Remanded with Directions.

---

6. With respect to deeds conveying a fee simple interest in an estate, West Virginia Code § 36–1–11 (1923) (Repl.Vol.1997) provides that words of limitation are not necessary to convey the interest in fee simple and that a conveyance "shall be construed to pass the fee simple ... unless a contrary intention shall appear...." In the somewhat analogous situation of the present case, the deed neither contained words of limitation nor otherwise demonstrated an intent to create an easement solely for the benefit of the Keelings. An easement appurtenant was therefore created.